■ NORMA E. JOHNSON et al., Appellants, v ALBANY MEMORIAL HOSPITAL, Respondent. [655 NYS2d 193] —Cardona, P. J. Appeal from an order of the Supreme Court (Kahn, J.), entered February 8, 1996 in Albany County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

During the year of 1989, there were three cases of Legionella Pneumophelia at defendant, which is located in the City of Albany. Subsequently, in May 1990 there were five confirmed cases of the disease and a hospital-wide investigation was then undertaken with the assistance of the Department of Health to identify the source of the bacteria causing the disease. It was not until June 23, 1990 that the Legionella bacteria was identified in the hot-water system for the main building of defendant. This system provided water for the faucets, bathing facilities, toilets and bedpan sprays but not for the laundry or dietary facilities. A planning group was immediately formed in consultation with Department of Health representatives in order to formulate a plan to eradicate the bacteria. It was determined that the water in the system would first be superheated to 190 degrees and, with a Department of Health waiver, the water system would thereafter be maintained at 140 degrees, as opposed to the 120-degree maximum temperature mandated by the State. This plan was put into operation on July 16, 1990.

Prior to operation of this plan, plaintiff Norma E. Johnson was hospitalized on an emergency basis on June 27, 1990 and on July 1, 1990 underwent exploratory abdominal surgery. During her hospitalization, Johnson contracted Legionella Pneumophelia which was specifically identified as such on July 25, 1990. As a result of Johnson's contraction of this disease, she and her husband, derivatively, commenced this action al-

leging medical malpractice, negligence and breach of contract. After joinder of issue and discovery, defendant moved for summary judgment and Supreme Court granted the motion dismissing the complaint finding that plaintiffs' proof failed to raise a triable issue of fact. Plaintiffs appeal.

In our view, Supreme Court erred in granting defendant's motion with respect to plaintiffs' negligence and breach of contract claims.* It is well settled that the proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issue of fact (*see*, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Here, in support of its motion, defendant produced affidavits from two experts who were familiar with the facts and circumstances of the outbreak of Legionella Pneumophelia at the hospital, namely Carole Van Antwerpen, defendant's infection control specialist, and Stanley Kondracki, the Regional Epidemiology Program Manager for the State Department of Health's Bureau of Communicable Disease Control. The proof established that at the time of the subject outbreak, there was no existing public health policy to guide a hospital in preventing or controlling an outbreak of Legionella, an atypical bacteria, which is difficult to identify. It was only after the Department of Health was able to take the appropriate water samples of the affected heating system that a determination was made as to the source of the bacteria. Kondracki confirmed that, in 1990, there was a Department of Health regulation in effect requiring hospitals to maintain their potable hot water systems at 120 degrees or less. Van Antwerpen opined that this reduced temperature of the water allowed the Legionella bacteria to multiply in the water system and ameliorative efforts could not be undertaken until the matter was conclusively confirmed.

Clearly, the record establishes that defendant acted appropriately in identifying the source of the outbreak after consulting with appropriate experts. Nevertheless, defendant's proof does not establish as a matter of law that defendant acted reasonably *after* the source of the outbreak was confirmed in June 1990. Specifically, Van Antwerpen does not explain why, if the source of the outbreak was confirmed on June 23, 1990, no action was taken to eradicate the bacteria until July 16, 1990. Defendant's motion papers are also devoid of proof as

* Since the conduct on the part of defendant that is being challenged in plaintiffs' lawsuit is not linked to the medical treatment rendered Johnson, plaintiffs' causes of action sounding in medical malpractice were properly dismissed (*see*, *Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 786).

to possible *interim* measures to avoid future infections. Significantly, defendant nowhere addresses plaintiffs' claim set forth in their bill of particulars that defendant was negligent in not *warning* patients as to the possible danger of infection. Van Antwerpen confirmed, without elaboration, that patients were not told of the possible danger of infection. Thus, we conclude that defendant failed to meet its initial burden on the motion for summary judgment. Since this conclusion renders the issue of the sufficiency of plaintiffs' opposing papers irrelevant (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853, *supra*), defendant's motion should have been denied with regard to the negligence and breach of contract claims.

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant's motion for summary judgment as to the causes of action sounding in negligence and breach of contract; motion denied to that extent; and, as so modified, affirmed.